UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00248-MR

| | |
|---|---|
| TRENTAIR BINGHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) <u>ORDER</u><br>CITY OF CHARLOTTE, )<br>)<br>Defendant. )<br>_____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, [Doc. 1], Plaintiff's "Federal Motion to Suppress Identification," [Doc. 7], and Plaintiff's "Motion to Change Jurisdiction," [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

## I. BACKGROUND

Pro se Plaintiff Trentair Bingham ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at the Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this action on April 22, 2020, pursuant to 42 U.S.C. § 1983, naming the City of Charlotte as the sole Defendant. [Doc. 1]. Plaintiff alleges that he was traveling from Florida to North Carolina with stolen gifts cards "to catch [federal] charges." [Id. at 1].

Plaintiff told the "City of Charlotte Police Department" that he was "traveling in stolen interstate commerce" and the police "failed to notify the U.S. Attorney of [a] federal crime." [Id.]. Plaintiff claims "[t]his is a matter because [his] intent was to get a federal sentence once he let Charlotte Police Department know the facts…."[1] [Id. at 1-2]. Plaintiff does not allege how he contends the alleged conduct violated his constitutional rights.

For relief, Plaintiff seeks monetary damages. [Id. at 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted;

---

[1] In Plaintiff's "Motion to Change Jurisdiction," Plaintiff alludes to being prosecuted for "interstate crimes of sex force and kidnapping." [Doc. 8]. As such, the best the Court can tell, Plaintiff is being prosecuted in North Carolina for sex-related crimes and confessed to possessing stolen gift cards in the hope that he would be prosecuted federally for his various crimes.

or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff does not allege how he believes the alleged "failure to notify [the] U.S. Attorney" of Plaintiff's possession of stolen gift cards as he crossed state lines violated his constitutional rights.

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under § 1983. Plaintiff's claim that his plan to "get a federal sentence" was thwarted by a decision of the authorities not to facilitate federal prosecution of the Plaintiff does not fall within any constitutional protection. In short, Plaintiff has no right to relief under 42 U.S.C. § 1983.

Furthermore, the City of Charlotte is not a "person" within the meaning of Section 1983, and therefore cannot be sued in a Section 1983 action in any event. See Brooks v. Pembroke Cnty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, even if Plaintiff had otherwise stated a claim for relief, the City of Charlotte is not a proper defendant.

Finally, the Court will deny Plaintiff's "Federal Motion to Suppress Identification" [Doc. 7] and Plaintiff's "Motion to Change Jurisdiction" [Doc. 8] as moot.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's "Federal Motion to Suppress Identification" [Doc. 7] and Plaintiff's "Motion to Change Jurisdiction" [Doc. 8] are **DENIED** as moot.

The Clerk is instructed to terminate this action.

Signed: June 11, 2020

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge